UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| In Re: | CASE NO.: 4-14482-PDR |
|---|---|
| Roi Neeman, Debtor | CHAPTER 7 |
| Jessica Piafsky Plaintiff(s) v. Roi Neeman Defendant(s) | Adversary Number: 24-01396-PDR |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

Plaintiff, Jessica Piafsky, by and through her undersigned counsel, and pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. Pro. Rule 12(f), hereby files this motion to strike Defendant Roi Neeman's Answer (the "Motion"), or in the alternative to strike portions of the Answer, and states as follows:

**PROCEDURAL BACKGROUND**

On September 30, 2024, Plaintiff filed her Complaint [D.E. 1] in the instant Adversary Proceeding against Defendant Roi Neeman (hereinafter "Defendant" or "Neeman"). The Summons and Complaint were served on Neeman via U.S. Mail on October 8, 2024 [D.E. 4]. By Order dated December 23, 2024, [D.E. 21], the Court extended Neeman's time to answer the Complaint to January 15, 2025. On January 14, 2025, Neeman, appearing *pro se*, filed his answer to the Complaint [D.E. 25] (the "Answer"), a copy of which is annexed hereto as Exhibit A.

**MEMORANDUM OF LAW**

**Defendant's Numbered Responses**:

The Answer consists of 116 numbered statements, many of which do not fall within the

category of "admitting or denying the allegations." Instead there are multiple statements such as:

"Unclear statement", "Need to provide more information to respond",  "To the best of my knowledge", "Can't respond to how this is written", "Not sure how to respond", "Denied and admitted", "Don't know how to answer", "Can't answer", "See Below", "Denied and admitted", and "Mischaracterized" . Answer at ¶¶3, 7, 9-16, 28, 32, 38, 47, 63, 65-67, 69, 72-75, 81-82, 88-89

"In responding to a pleading, a party must:  (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."  Fed R. Civ. P. Rule 8(b)(1). As evidenced by the Answer, the Defendant does not state in short and plain terms his defense, nor does the Defendant simply admit or deny the allegations.

If the Defendant intends to deny part of an allegation, but admit the rest, then he must "must admit the part that is true and deny the rest". Fed. R. Civ. P. Rule 8(b)(4). Statements such as "to the best of my knowledge", "see below", "can't respond to how this is written", "unable to respond", "don't know how to answer", "can't answer" or "mischaracterized" are neither denials nor denials of knowledge or information;, in some cases, they may represent a comprehension issue.

Moreover, even if the statements were viewed as denials, a  denial must "fairly respond to the substance of the allegation". Fed. R. Civ. P. Rule 8(b)(2). Denials, or other statements, must give the "plaintiff notice of the defenses which it shall be called upon to meet."  *Budd Co. v. United States*, 19 F.R.D. 346, 348 (E.D. Pa. 1956). There is no indication as to why the Defendant "can't answer", "Can't respond to how this is written" or how the allegation is "Mischaracterized" etc.

Plaintiff submits that as to those allegations that are admitted, the admission should be

allowed to stand, and as to those allegations that are partial denials, such denials must specify the portion of the allegations that are admitted. As to the remaining statements that are unclear as to whether they are an admission or denial or something else entirely, specifically, Answer at ¶¶3, 7, 9-16, 28, 32, 38, 47, 63, 65-67, 69, 72-75, 81-82, 88-89, such statements should be stricken as they do not comply with Fed. R. Civ. P. Rule 8.

**Defendant's Additional Statement**

Following the numbered paragraphs is a section that can only be described as a five page diatribe, replete with false, redundant, immaterial, impertinent, and/or scandalous allegations such as:

a. PIAFSKY misrepresents the facts of the case. She is trying to make up stories and change the history of what happened to better suit her. She seems to purposely be leaving out certain facts that are important to the story;

b. PIAFSKY has a history and record of trying to get work done for free and then refusing to pay for the work that is done;

c. [s]he has gone through multiple contractors and companies which she has fired and refused to pay;

d. From my understanding she is either in the process of suing or threatened to sue at least one other of these companies;

e. PIAFSKY was looking for the cheapest, fastest and most convenient way to do this project. She directed the work be completed without permits;

f. She directed the work be completed without permits. She specifically told NEEMAN that she wanted the work to be done without permits because it would be cheaper and faster;

g. She had NEEMAN working late nights and weekends to complete work more quickly and even used NEEMAN to let in workers so she didn't need to be bothered;

h. She also relied on the fact that NEEMAN himself, lives in the same neighborhood, which she used to her advantage to avoid certain restrictions and complications that would occur with the HOA;

i. PIAFSKY also lies;

j. She could have looked up the licenses from her contract on DBPR but she apparently chose not to. She didn't care;

k. Her focus was on getting the work done cheaply and quickly;

l. PIAFSKY tries to use the fact that she forced CFLMB to accept money through a different account to now attack NEEMAN personally but she was the one who made the request;

m. And now PIAFSKY is trying to use that to attack NEEMAN, which is not right;

n. Yet she is now trying to pretend that CFLMB is seeking more money, and PIAFSKY is trying to avoid the added costs of the choices she made and agreed to, that weren't the cheapest way to go. PIAFSKY is trying to avoid the added costs of her choices and actions.

o. Again, this just shows that PIAFSKY was always looking for the cheapest option;

p. PIAFSKY once again tries to misrepresent facts to try to mislead the story when she discusses the work done;

q. She breached the contract between her and CFLMB and is now claiming all these false allegations that are untrue and inaccurate. She is now lying about the improper materials that were installed, or work that was done a certain way that should've been

4

      done in a different way.

r.     PIAFSKY apparently brought in a new contractor who advised her of other things and who never saw the condition of the house (including knock-down walls and ceilings) before CFLMB had completed all of the work it did. Now, in her complaint, PIAFSKY is seeking to punish CFLMB and NEEMAN for completing the work that had been done by using different contractors' claims of how work could have been done "cheaper" even though that contractor had zero knowledge of the home's condition prior to the work CFLMB did.

s.     PIAFSKY once again tries to misrepresent facts to try to mislead the story when she discusses the work done on her home in 54

t.     All accusations PIAFSKY is currently making is because she stopped the progress of the work;

u.     [PIAFSKY is] claiming all these false allegations that are untrue and inaccurate. She is now lying about the improper materials that were installed, or work that was done a certain way that should've been done in a different way. Work cannot be judged in an unfinished position.

v.     PIAFSKY is continuing to make up false allegations about where the interior AC system was placed.

w.     PIAFSKY wanted to get work done quickly and as cheap as possible, specifically asking that it be done without permits to make it cheaper, and then once CFLMB completed work, PIAFSKY tried to avoid payment and get all of her money back by firing CFLMB before the job was completed.

x.     PIAFSKY clearly looked for the cheapest and quickest way to get the work done and

    is now seeking to avoid payment all together.

y. She is using the court to abuse CFLMB and NEEMAN and trying to escape any responsibility for all of her actions.

z. She is using the court to abuse CFLMB and NEEMAN and trying to escape any responsibility for all of her actions. She wants to receive all of the work that was done for free, despite all of the costs that were spent for the workers, materials, subcontractors, etc;

aa. But PIAFSKY didn't care to look into the details of CFLM's partner who she was told was licensed; all she cared about was the work getting done in the cheapest way;

bb. It seems like PIAFSKY is trying to avoid paying for any of the work that was done and wants everything not just for cheap but for free. To get all the work done the cheapest way possible (for free!) she interfered with the projects being done on her house, fired everyone and is suing all the contractors she hired. She is trying to use the court to attack CFLMB and her other workers so she can do everything for free. She misleads the court and refuses to acknowledge her role in the delays or interference or her stopping the work.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. Rule 12 (f). As is evident, the Defendant's diatribe is replete with numerous redundancies, which run afoul of Rule 12(f). For example, Defendant on multiple occasions refers to the Plaintiff as being careless, dishonest and cheap, at least twice claims that he was not permitted to complete the work.. What is more troubling are the irrelevant allegations used to insult the Plaintiff. . "An allegation is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action ." 1021018 Alberta,

Ltd. v. Integraclick, LLC, No. 8:10-CV-47-T-30EAJ, 2010 WL 2293206, at *3 (M.D. Fla. June 8, 2010). Allegations that are ad hominem attacks, abusive, impugned a party's character or that are wholly inappropriate may be stricken as scandalous. *Silva v. Swift*, 333 F.R.D. 245, 247 (N.D. Fla. 2019). Indeed, Courts are more likely to strike scandalous material from a pleading, provided that the information is not relevant to the acts or events relevant to ths action.

The instant action revolves around the damages done by Neeman to Plaintiff's property. As admitted by Neeman in his answer, he was/is not a licensed contractor, but instead was operating under a third party's license. The complaint alleged that the work performed by Neeman was done without supervision by the licensed party (and, in fact, the third party who does possession a license has repeatedly disclaimed any involvement with the project). The Complaint also sets forth that Neeman repeatedly failed to meet material deadlines that were essential to the contract, and although eighty-eight (88%) percent of the contract price was paid, less than ten (10%) percent of the interior work was completed, none of the exterior work was performed, and the work that was done was defective.

The quoted excerpts from the Answer such as Defendant's statements that "PIAFSKY is trying to avoid paying for any of the work" or "PIAFSKY has a history and record of trying to get work done for free and then refusing to pay for the work that is done" or "[s]he has gone through multiple contractors and companies which she has fired and refused to pay;" or "she is either in the process of suing or threatened to sue at least one other of these companies" or that Plaintiff wanted to get the work done cheaply and quickly or accusations that Plaintiff is lying, are at best impertinent and more likely qualify as scandalous. They are not relevant to the instant action and have no place in the Defendant's answer. Moreover, these defamatory statements are prejudicial against the Plaintiff and should be stricken.

**CONCLUSION**

WHEREFORE, based on the foregoing, David W. Berenthal requests an order striking those portions of the Answer that fail to comport with Fed. R. Civ. P. Rule 8(b), specifically, Paragraphs ¶3, 7, 9-16, 28, 32, 38, 47, 63, 65-67, 69, 72-75, 81-82, 88-89, and striking those portions of Defendant's five page "story" cited in this Memorandum, and for such other and further relief as this Court may deem just and appropriate.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A)

Dated: February 4, 2025

>Respectfully submitted,
>**BERENTHAL & ASSOCIATES**
>
>By:    /David W. Berenthal/
>      David W. Berenthal, Esq.
>      Attorneys for Plaintiff
>      Florida Bar No. 159220
>      E-mail: dwb@berenthalaw.com
>      45 East 72nd Street, Suite 5C
>      New York, NY 10021
>      Telephone: (212) 302-9494

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2025, I electronically filed the foregoing with the Clerk of the District Court for the Bankruptcy Court using the CM/ECF system and that I sent a copy of the same via U.S. Mail to:

   Roi Neeman
   4814 SW 34th Terrace
   Fort Lauderdale, FL 33312

                      By:    /David W. Berenthal/
                                David W. Berenthal, Esq.